IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Page, ) | Civil Action No. 6:13-2237-JFA-KFM |
| ) Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Chad Robinson, ) | |
| ) | |
| Defendant. ) | |

       This matter is before the court on the plaintiff's motion for summary judgment (doc. 41) and the defendant's motion summary judgment (doc. 55). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

       On January 15, 2014, the plaintiff filed a motion for summary judgment (doc. 41). On February 27, 2014, the defendant filed a response in opposition to the plaintiff's motion (doc. 54) and a motion for summary judgment (doc. 55). By order filed February 28, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff was granted two extensions of time and filed his response to the defendant's motion for summary judgment on June 2, 2014.

## BACKGROUND

       The plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC") at Perry Correctional Institution ("PCI"). The plaintiff alleges in his amended complaint that in January 2013 the defendant, who is a Recreational Specialist II with the

SCDC assigned to PCI, fired him from his job in the gym at PCI (doc. 30, amended comp. p. 3).  The plaintiff's job was changed to "Back Rec," which involved picking up trash and cleaning up behind the dorms (doc. 55-6, def. aff. ¶ 2).  The plaintiff further alleges that in March 2013 the defendant prevented him from exercising in the gym, which negatively affected his health (doc. 30, amended comp. pp. 4-5).  The plaintiff alleges that the defendant's actions subjected him to cruel and unusual punishment and amounted to intentional infliction of emotional distress (*id.*).

The plaintiff attached to his original complaint three Request to Staff Member forms, all dated March 13, 2013, in which he complained that the defendant discriminated against him by stopping him from running in the gym, which he claimed was cruel and unusual punishment (doc. 1-1).  The requests are addressed to the Director of the SCDC, the Warden of PCI, and the Office of General Counsel (*id.*).  Ann Hallman, the SCDC's Chief of the Inmate Grievance Branch, submitted an affidavit in support of the defendant's motion for summary judgment stating that the last SCDC grievance submitted by the plaintiff was in 2008, and he has not submitted any grievances against the defendant (doc. 55-5, Hallman aff. ¶¶ 1, 3).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

***Failure to Exhaust***

In his motion for summary judgment, the defendant first[1] argues that the plaintiff has failed to exhaust his administrative remedies prior to commencing this action. This court agrees. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law. See *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

---

[1]As the undersigned recommends that the complaint be dismissed *without prejudice* for failure to exhaust, the defendant's remaining arguments will not be addressed.

3

force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681. "[U]nexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204. It also has the "potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record*." Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89-90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

"The court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12." *Malik v. Ward*, 8:08-cv-1886-RBH, 2010 WL 936777, at *2 n.4 (D.S.C. March 16, 2010). The policy is summarized as follows:

> After an unsuccessful attempt at informal resolution of the problem(s) by submission of a Request to Staff Member Form or by discussion of the complaint with the appropriate supervisor/staff, (1) an inmate must fill out a Form 10–5, Step 1, and give the form to an employee designated by the Warden (not the Inmate Grievance Coordinator) within fifteen days of the alleged incident; (2) the grievance must then be numbered and entered into SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; (3) the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue; if the problem cannot be resolved informally, the IGC will conduct a complete investigation and make recommendations for disposition of the matter to the Warden; (4) the Warden must respond to the inmate, in writing, within

> forty days from the date the grievance was formally entered into the system by the IGC, then the IGC has five working days to serve the Step 1 response to the inmate; (5) the inmate may then appeal the Warden's response to the Division Director of Operations by completing a Form 10–5a, Step 2, and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; (6) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal within another five "calendar days" and the Branch must present the Step 2 appeal to the responsible SCDC official, i.e. the Division Director of Operations, for a response; (7) the Division Director of Operations then has sixty days from the date the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, (8) the IGC has five days to serve the inmate with the Step 2 response.

*McFadden v. Reynolds*, C.A. No. 3:13-439-JMC-JRM, 2013 WL 1838656, at *3 n.2 (D.S.C. April 11, 2013) (citing SCDC, Inmate Grievance System, GA–01.12, § 13.4 (Oct. 1, 2010)), *adopted by* 2013 WL 1838644 (D.S.C. May 1, 2013).

The plaintiff has presented evidence that he attempted to informally resolve his claim that the defendant discriminated against him by stopping him from running in the gym by addressing Request to Staff forms to the Director of the SCDC, the Warden of PCI, and the Office of General Counsel (doc. 1-1). However, he has presented absolutely no evidence countering the defendant's evidence that he never entered the formal grievance process with regard to either this claim or his claim regarding being fired from his job (*see* Hallman aff. ¶¶ 1, 3). Requests to Staff forms are not grievances that satisfy the exhaustion requirement. *See McFadden v. Fuller*, C.A. No. 2:13-cv-2290-JMC, 2013 WL 6182365, at *4 (D.S.C. Nov. 22, 2013) ("While [the plaintiff] includes copies of his requests to staff members in his Objections, he does not demonstrate that he has attempted to enter the formal grievance process by first filling out a Form 10–5 (Step 1 Grievance).") (citation omitted); *Frierson v. Hankins*, C.A. No. 4:09-692-DCN-TER, 2010 WL 3282600, at *4 (D.S.C. July 26, 2010) ("Plaintiff submitted several 'Request to Staff Member' forms but these are not grievance forms that comply with the exhaustion requirement."), *adopted by* 2010 WL 3291836 (D.S.C. Aug. 19, 2010).

5

The plaintiff argues in his response in opposition to the defendant's motion for summary judgment that his attempts to obtain an informal resolution of his claim should satisfy exhaustion because the Warden failed to respond to the requests or address his concerns (doc. 69, pl. resp. m.s.j. pp. 4-6).  However, the plaintiff "being dissatisfied with responses he may have received to these request forms, assuming that were to be the case, would not constitute exhaustion of the grievance process. Rather, to exhaust his administrative remedies, Plaintiff had to pursue *grievances* concerning these issues." *Poe v. Bryant*, No. 9:12-cv-3142-RMG, 2013 WL 6158023, at *6 n.5 (D.S.C. Nov. 21, 2013) (emphasis in original) (citing *Davis v. Minthorn*, No. 05–326, 2006 WL 2222700 (E.D. Tenn. Aug. 2, 2006) (submission of inmate request form not sufficient to exhaust grievance remedy)).  The plaintiff has presented absolutely no evidence that he has been prevented from availing himself of exhausting his administrative remedies.  Based upon the foregoing, the plaintiff has failed to exhaust his administrative remedies prior to filing his claims under Section 1983, and thus his case should be dismissed. *See Penza v. Patterson*, No. 8:10–cv–2361–JFA–JDA, 2011 WL 5869748, at *6 (D.S.C. Oct. 26, 2011) ("Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC Grievance Procedure . . . . Hence, within this District, an inmate's claim is barred unless he completes Step 2 of the SCDC grievance procedure with respect to that claim."), *adopted by* 2011 WL 5875001 (D.S.C. Nov. 21, 2011).

***State Law Claim***

Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claims as the plaintiff has failed to exhaust his administrative remedies, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief construed by the court to be asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 55) be granted and the plaintiff's amended complaint be dismissed *without prejudice* for failure to exhaust administrative remedies. It is further recommended that the plaintiff's motion for summary judgment be denied for the same reasons (doc. 41).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

June 4, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).