UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Page, | ) | C/A No. 6:13-2237-JFA-KFM |
|                Plaintiff, | ) | |
| v. | ) | ORDER |
| Chad Robinson, | ) | |
|                Defendant. | ) | |

The *pro se* plaintiff, Michael Page, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights when he fired the plaintiff from his inmate job at Perry Correctional Institution. Plaintiff also contends that the defendant prevented him from exercising in the gym which negatively affected his health.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that the defendant's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

1

incorporates such without a recitation.

The plaintiff was notified of his right to file objections to the Report and Recommendation. In his objections to the Report (filed as a motion to alter or amend the judgment), the plaintiff complains that the Report did not address the merits of plaintiff's claims. The plaintiff asks the court to "re-open the window to allow plaintiff the opportunity to utilize the Step 1 and 2 grievance procedure" and then allow the plaintiff to re-file his complaint in this court in the event of an unfavorable ruling.

The Magistrate Judge properly notes in his Report that prisoners must exhaust their administrative remedies *prior to* filing a § 1983 suit in federal court. *See* 42 U.S.C. § 1997e(a), *Booth v. Churner*, 532 U.S. 731, 741 (2001); and *Porter v. Nussle*, 534 U.S. 516 (2002). The Magistrate Judge also opines that the defendant has met his burden of showing that the plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674 (4th Cir. 2005); *Jones v. Bock*, 549 U.S. 199 (2007).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, the defendant's motion for summary judgment (ECF No. 55) on the issue of exhaustion is granted and plaintiff's complaint is dismissed for failure to exhaust his administrative remedies. Plaintiff's motion for summary judgment (ECF No. 41) is denied

As the plaintiff's amended complaint has been dismissed without prejudice, plaintiff's motion to stay (ECF No. 74) is denied.

    IT IS SO ORDERED.

July 14, 2014　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge